FILED

OCT - 5 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                ) Case No. 05-27533-D-13L
                                      ) Docket Control No. [NONE]
PHYLLIS DENISE FULTZ,                 )
                                      )
                                      )
            Debtor.                   )
_____)

**MEMORANDUM DECISION**

On August 10, 2005, Drive Financial Services, L.P. ("Drive") filed a combined objection to confirmation of the Chapter 13 Plan ("Plan") filed by Phyllis Fultz (the "Debtor") with her Chapter 13 petition on June 20, 2005, and to the Debtor's Motion to Value Collateral ("Motion") that was filed with the Plan. By way of the Motion, the Debtor requests that the court value Drive's collateral, a 2000 Toyota Camry automobile (the "Toyota"), at $7,295. Under the Plan, the Debtor is to retain the Toyota, and Drive is to receive periodic payments with interest under the Plan in satisfaction of its allowed secured claim.

For the reasons set forth below, the court will sustain in part and overrule in part Drive's objection to confirmation of the Plan, and will grant the Debtor's motion to value the Toyota at $7,295.

I. INTRODUCTION

In support of the Motion, the Debtor submitted a copy of a Kelly Blue Book Private Party Pricing Report dated June 12, 2005, putting the value of a 2000 Toyota Camry with specified options and in "good" condition, at $7,295. In opposition to the Motion, Drive submitted a copy of a N.A.D.A. Official Used Car Guide

report dated June 28, 2005, putting the Base Retail value of a 2000 Toyota Camry, with reference to certain wheels, at $10,175, and the Base Trade-In value at $8,275. In its objection to the Motion, Drive argues that the proper valuation of the Toyota for the purpose of plan confirmation in this case is the average of the two values, or $9,350.[1]

The Plan provides for a 7% per annum rate of interest for Drive's secured claim. The Debtor states that this rate was derived by adding 1% to the current prime rate of 6%. In the Objection, Drive argues that the contract rate of interest, 23.75% per annum, is the appropriate rate of interest under the Plan for its secured claim.

## II. ANALYSIS

Drive's opposition to the motion is based on the allegation that by providing for a $7,295 secured claim in favor of Drive, the Plan fails to meet the requirements of section 1325(a)(5). Under 11 U.S.C. section 1325(a)(5), the non-accepting secured creditor generally must receive on account of its claim a value, as of the effective date of the chapter 13 plan, not less than the value of the creditor's collateral.

Under Associates Commercial Corp. v. Rash, 117 S. Ct. 1879 (1997), the value to be retained under section 1325(a)(5)'s cram-down provision is the cost the debtor would incur to obtain a similar asset for the same proposed use. As such, replacement value means the value a willing buyer in the debtor's situation

---

1. The average of the figures is actually $9,225. The supporting declaration arrives at the $9,350 value as the average of different figures: $8,400 (trade-in) and $10,300 (retail).

- 2 -

1  would pay a willing seller to obtain property of like age and
2  condition.
3      Under <u>Till v. SCS Credit Corp.</u>, 124 S. Ct. 1951 (2004), the
4  appropriate discount rate to provide present value interest on a
5  secured claim under section 1325(a)(5) is to be determined by use
6  of a formula, in which a risk factor is added to the prevailing
7  prime rate of interest.  In general, courts have approved
8  adjustments of 1% to 3% in other cases.
9      In this case, the court finds that the Kelly Blue Book
10 Private Party value urged by the Debtor, $7,295, more accurately
11 reflects the value to be retained by the Debtor under the Plan
12 than does the value urged by Drive.  The Debtor's valuation
13 appears, unlike Drive's, to be based on options and on personal
14 knowledge of the condition of the Toyota, while Drive's is based
15 on less specific information regarding the vehicle regardless of
16 its actual condition.
17     As to the interest rate applicable to Drive's secured claim,
18 the court finds that a 7.5% per annum interest rate best reflects
19 the rate of interest under the circumstances in this case, under
20 the analysis mandated by <u>Till</u>.
21     The court will issue an order consistent with this
22 memorandum.
23 Dated:  October 5, 2005        /s/ Robert Bardwil
                                   ROBERT S. BARDWIL
24                                 United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I, _____, in the performance of my duties as Deputy Clerk to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Lawrence Loheit
Chapter 13 Trustee
PO Box 1858
Sacramento, CA

Phyllis Fultz
25 Payne River Cir.
Sacramento, CA 95831

Peter Macaluso
910 Florin Rd., #111
Sacramento, CA 95831

Robert Curtis
Curtis Law Group
2010 Main Street, Suite 580
Irvine CA 92614

DATE: 10/12/05

_____
Deputy Clerk